UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------x

JOHN BAL, in the capacity as a Democratic candidate
for the New York State Assembly,

                    Plaintiff,                                              16 Civ. 2416 (PKC)

            -against-

MANHATTAN DEMOCRATIC PARTY, KEITH WRIGHT,              **MOTION TO**
personally and in the capacity of County leader, NEW YORK   **<u>DISQUALIFY</u>**
COUNTY DEMOCRATIC COMMITTEE, and CATHLEEN
McCADDEN, personally and in the capacity of Executive
Director,

                    Defendants.

------------------------------------------------------------------------x


JOHN BAL, Plaintiff *pro se*, a Manhattan Democratic Party ("MDP") member, states:

1.  I submit this motion to disqualify Arthur Z. Schwartz, Esq. ("Schwartz") from

    representing Defendants in this action pursuant to Rule § 3.7 of New York Rules of

    Professional Conduct ("N.Y. Rules of Prof. Conduct").

2.  I am not seeking to disqualify Schwartz pursuant to N.Y. Rules of Prof. Conduct §§

    1.7 or 1.18.

3.  This is a 42 U.S.C. § 1983 action.  The heart of this action is, under color of state law,

    Defendants violated my rights guaranteed by the First and Fourteenth Amendments to

    the United States Constitution and Rules and Regulations of the Democratic Party of

    the County of New York ("Rules and Regulations") by placing severe and

    insurmountable burdens on my ability to meaningfully compete in the electoral

    nomination process for the Special Election held April 19, 2016 to fill a vacated

Assembly Member seat in the New York State 65th Assembly District (the "vacated Assembly seat").

4. On April 12, 2018, Schwartz served a Notice of Appearance that he is now representing Defendants in this action (Dkt. #84).

5. Schwartz, from 1995 to 2005 and from 2013 to the present, has been serving on the Executive Committee of Defendant MDP. In addition, from January 2018 to the present, Schwartz has been serving as MDP's Co-Chairperson of the Law Committee. Moreover, Schwartz is now serving as Defendants' attorney. In these capacities, it is understandable why Schwartz ". . . tried politely to get him [me] to drop this case."

6. As a result of Schwartz's direct knowledge and experience from serving on the Executive Committee for 15 years, serving as Co-Chairperson of the Law Committee since January 2018 (the complaints that I made to MDP on January 25, 2016, June 21, 2016, and May 23, 2017 (the "complaints") and re-submitted to Schwartz on April 25, 2018 are significant fact issues in this action), and his admitted knowledge of MDP's Rules and Regulations, *he will likely be called as a witness in this matter.*

7. N.Y. Rules of Prof. Conduct Rule § 3.79(a) – Lawyer as Witness, states:

> (a) A lawyer shall not act as advocate before a tribunal in a matter in which the lawyer is likely to be a witness on a significant issue of fact unless:
>
> > (1) the testimony relates solely to an uncontested issue;
> >
> > > *Schwartz's testimony would relate to <u>contested</u> issues. As a member of MDP's Executive Committee and Co-Chairperson of the Law Committee, he has firsthand knowledge why my complaints at issue in this case submitted to MDP and directly to him were ignored and no action was taken. He also has knowledge of MDP's Rules and Regulations regarding the complaint handling process and how the Executive Committee has handled complaints from other MDP members.*

(2) the testimony relates solely to the nature and value of legal services rendered in the matter;

> *Schwartz's testimony would <u>not</u> relate to the nature and value of legal services. Instead, his testimony would focus on my interactions with him as a prospective client in this case, my complaints submitted directly to him, and his interactions and discussions as an Executive Committee member and Co-Chairperson of the Law Committee regarding the complaints that I submitted and regarding his knowledge of the severe and insurmountable burdens placed by MDP upon my ability to compete for the vacated Assembly seat.*

(3) disqualification of the lawyer would work substantial hardship on the client;

> *Disqualification of Schwartz would <u>not</u> create a substantial hardship upon Defendants. Schwartz's representing Defendants has been minimal. Schwartz admits, "The only details I could have learned about this lawsuit were those contained in the Complaint, a public document, which, frankly, I did not read until 2018." (Schwartz's Affirmation of August 31, 2018)*

(4) the testimony will relate solely to a matter of formality, and there is no reason to believe that substantial evidence will be offered in opposition to the testimony; or

> *Schwartz's testimony would <u>not</u> relate solely to a matter of formality. Substantial evidence will be offered in opposition to his testimony, including MDP's Rules and Regulations, complaints made by me to MDP and re-submitted to Schwartz on April 25, 2018 for appropriate action in his capacity as Co-Chairperson of the Law Committee, and emails between Schwartz and me regarding my communications with him in my capacity of a prospective client.*

(5) the testimony is authorized by the tribunal.

> *A tribunal has <u>not</u> authorized Schwartz's testimony.*

8. The complaints that I submitted to MDP, in accordance with Rules and Regulations, on January 25, 2016, June 21, 2016, and May 23, 2017, protested the severe and insurmountable burdens placed upon me by Defendants.

9.  The complaints, significant issues in this action, *have mysteriously disappeared* and have been mishandled by Defendants and Schwartz.

10. On April 17, 2018, Defendant Keith Wright ("Wright") was deposed in this matter. During Wright's testimony, he was asked, "Are you aware that Mr. Bal ever filed complaints for the democratic party's ethics committee?  Wright answered, "I am not."

11. On April 25, 2018, as a result of Wright's testimony, I re-filed and submitted the complaints to Schwartz in his capacity as Co-Chairperson of the Law Committee.

12. Despite my request on May 21, 2018, Schwartz has not stated what actions, if any, that he took regarding the complaints submitted to him.  A significant issue is why these complaints were not investigated and processed as required by Rules and Regulations.

13. As a result, Schwartz will likely be called as a witness to testify regarding the following significant fact issues:

    a) Schwartz's knowledge, interactions, and discussions regarding the severe and insurmountable burdens placed by MDP upon my ability to meaningfully compete in the electoral nomination process for the vacated Assembly seat.

    b) The actions that Schwartz took, if any, in his capacities as an Executive Committee member and Co-Chairperson of the Law Committee regarding the complaints that I submitted to him on April 25, 2018.

    Among other things, Rules and Regulations, Article VI: Ethics § 2(b)(vii), states:

"Any reprimand or admonition of the Committee may be appealed to the <u>Executive Committee</u> by providing to the Secretary of the County Committee at the office of the County Committee sufficient copies of the complaint, written reply and any other evidence considered by the Committee within 30 days of such determination." (emphasis added).

c)   Schwartz's knowledge, if any, regarding the "disappearance" and treatment of the complaints.

d)   Schwartz's experience and knowledge, gained from serving on MDP's Executive Committee for 15 years and, since January 2018, Co-Chairperson of the Law Committee, regarding MDP's practices and policies regarding the procedures and enforcement of Rules and Regulations.

e)   Schwartz asserted "The fact that I have knowledge of Party Rules [and Regulations] as the Party's attorney does not make me a potential witness . . ." (Schwartz Affirmation of August 31, 2018, ¶ 7).

Contrary to Schwartz's assertion, his admitted knowledge of Rules and Regulations and the knowledge and experience gained from his serving 15 years on the Executive Committee and, since January 2018, as Co-Chairperson of MDP's Law Committee makes him a likely and valuable witness.

f)   The accuracy of Schwartz's statement to me on July 9, 2018 that, "As far as I know there is no Ethics Committee at this point." (Rules and Regulations require that complaints made

by MDP members, including me, be investigated by the Ethics
Committee).

g)  Schwartz's knowledge regarding the responsibilities and duties
of Janine Johnson, Chairperson of MDP's Ethics Committee.

h)  Schwartz's knowledge of the electoral nomination process that
led him to say, on April 13, 2018, "Back then I told you that
the [electoral nomination] procedure sucked, but the process
was what was in the law."

i)  Schwartz stated to me on July 9, 2018 that "Maybe you told me
that you were running [for the vacated Assembly seat] and that
you were unhappy with the [electoral nomination] process, but
you would have been one of many."  Identification of the
persons who complained to Schwartz and the substance of their
complaints are likely to be relevant regarding my claims
against Defendants.

j)  On February 7, 2016, County Committee Members (CCMs)
voted and selected the Democratic Party's nominee for the
vacated Assembly seat in the Special Election held April 19,
2016.  Schwartz has knowledge of Rules and Regulations'
residential requirements for CCMs.  In a statement published in
*The Villager*, a community newspaper, CCM Georgette
Fleischer stated that 129 CCMs (there are 186 CCMs) do not
reside in the district they represent.  Therefore, 129 CCMs may

have been fraudulently elected and appointed and ineligible to vote in the nomination process.

14. In *Murray v. Metro Life Ins. Co.*, 583 F.3d 173, 178-79 (2d Cir. 2009), the Second Circuit found that Plaintiff waited "Nine years after the action was commenced and five weeks before trial was scheduled to begin, [to] move to disqualify the lead counsel . . . our review of the record suggests that the [   ] witnesses will do little more than authenticate documents and confirm facts that do not appear to be in dispute . . . plaintiffs' lengthy and unexcused delay in bringing its motion to disqualify weighs against disqualification."

Unlike *Murray*, upon receipt of Schwartz's Notice of Appearance, prior to seeking the Court's assistance, I immediately advised Schwartz of a potential ethics issue of his representing Defendants and, after unsuccessful efforts to resolve this matter with Schwartz directly, I timely notified the Court of the ethics issue and, moreover, *the facts that Schwartz would testify <u>are</u> strongly disputed.*

15. Moreover, there is a likelihood a jury would be confused and misled by Schwartz's serving as both advocate and witness about significant issues of fact at the heart of my complaint.

16. I am appearing *pro se* in this action. There is also a possibility that Schwartz's appearing as both advocate and witness regarding significant issues of fact at the heart of my complaint may confuse and mislead me.

17. Combining the roles of advocate and witness, Schwartz will prejudice the tribunal and Plaintiff by creating a conflict of interest between a lawyer and his client by

putting the lawyer in a position of either perjuring himself or testifying against his own clients.

18. Due to the significant nature and importance of Schwartz's testimony it will be strongly contested and any ambiguities in the dual role played by Schwartz would not be purely theoretical.

19. An attorney's testimony constitutes prejudice to his client sufficient for the attorney's disqualification pursuant to witness-advocate rule, where testimony would be sufficiently adverse to the factual assertions or account of events offered on behalf of the client, such that the bar or the client might have an interest in the lawyer's independence in discrediting that testimony. N.Y. Rules of Prof. Conduct Rule § 3.7(a).

20. Schwartz's 15-year intimate involvement in MDP's Executive Committee and Co-Chairperson of MDP's Law Committee since January 2018 would raise a significant question of his independence to act as both Defendants' attorney and a key adverse witness against his client.

For the above reasons, I respectfully ask the Court to grant this motion to disqualify Schwartz from acting as a counsel for Defendants.

Dated:  September 24, 2018
New York, New York

Respectfully submitted,

John Bal, Plaintiff *pro se*
85 Kenmare Street #35
New York, NY 10012
nycjohn123@msn.com
(212) 966-7576