UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
JOHN BAL,

                      Plaintiff,                    16-cv-2416 (PKC)

      -against-

                                                OPINION AND
                                                ORDER

MANHATTAN DEMOCRATIC PARTY, et al.,

                      Defendants.
-----------------------------------------------------------x

CASTEL, U.S.D.J.

        Mr. Bal, proceeding *pro se*, wrote to this Court asserting that a lawyer for the defendants, Mr. Schwartz, had previously represented him on the same or a substantially related matter.  (Ltr. Aug. 29, 2018; Doc 108.)  The next day the Court ordered as follows: "Mr. Schwartz shall submit ex parte and under seal an affidavit setting forth his contact and communications with Mr. Bal at any time prior to April 12, 2018 [i.e. the date Schwartz filed a Notice of Appearance] and if Mr. Bal's assertions are true, he should explain why he should not be disqualified."  (Order of Aug. 30, 2018; Doc 109.)

        The Court has reviewed Mr. Schwartz's submission and Mr. Bal's unsworn statement of September 24, 2018, styled as a motion to disqualify. (Doc 113.)  The facts do not support disqualification under Rules 1.7, 1.9 or 1.18 of the New York State Rules of Professional Conduct (the "N.Y. Rules.")

Mr. Bal emailed Mr. Schwartz, who was a Democratic Party District Leader in an adjacent district and a member of the Executive Committee of the Manhattan Democratic Party ("MDP"), asking for "help or advice" in connection with Bal's expected run in the Democratic primary for the party's nomination for a seat in the New York State Assembly. (Email Bal to Schwartz, Feb. 18, 2016.) Schwartz politely responded with an email that included the statement "[f]eel free to ask for advice." (Email Schwartz to Bal, Feb. 18, 2016.) Bal sent back an email that said, in part, "I was told that you are an expert in Election Law" and then proceeded to ask Schwartz what may fairly be characterized as legal questions about how the nominating process could be challenged before the Board of Elections or in a court proceeding. (Email Bal to Schwartz, Mar. 8, 2016.) Schwartz responded that "[u]nfortunately[,] their entire process comported with the Election Law. That needs to be changed." (Email Schwartz to Bal, Mar. 8 2016.) Insofar as the record shows, at no time did Bal impart confidential information to Mr. Schwartz. Nothing in the exchanges between Bal and Schwartz could reasonably be interpreted as supporting the conclusion that Bal was a "client" of Schwartz within the meaning of Rule 1.7 of the N.Y. Rules, a former client within the meaning of Rule 1.9 of the N.Y. Rules, or a "prospective client" within the meaning of Rule 1.18 of the N.Y. Rules. See N.Y. Rules 1.7, 1.9, 1.18.

Mr. Bal also invokes the advocate-witness prohibition in Rule 3.7 of the N.Y. Rules. Mr. Bal contends that Mr. Schwartz should be disqualified because he is likely to be a witness on a significant issue of fact. "[W]here the moving party intends to call an adversary's attorney, the movant must demonstrate both that the lawyer's testimony is 'necessary' and that there exists a 'substantial likelihood that the testimony would be prejudicial to the witness-advocate's client.'" Acker v. Wilger, 12 cv 3620 (JMF), 2013 WL 1285435, at *1 (S.D.N.Y.

Mar. 29, 2013) (quoting <u>Finkel v. Frattarelli Bros., Inc.</u>, 740 F. Supp. 2d 368, 373 (E.D.N.Y. 2010)). Bal points to Schwartz's "admitted knowledge of MDP's Rules and Regulations . . . ." (Bal Mot. ¶6; Doc 113; <u>see id.</u> ¶13.)  Knowledge of MDP rules and regulations does not make Schwartz a likely witness on a significant issue or a witness whose testimony is necessary.  The rules and regulations are likely to be the best indication of their content and there is no indication that any number of other individuals could not testify as to the content and meaning of these rules and regulations.

Schwartz's stray comment on July 9, 2018 that "[m]aybe you told me that you were running [for the vacated Assembly seat] and that you were unhappy with the [electoral nomination] process, but you would have been one of many," furnishes no basis for Bal to call Schwartz as a trial witness. (Bal Mot. ¶13(i) (alterations in original).)  Bal has not shown that trial testimony concerning the many individuals who are unhappy with the electoral process is "necessary" and, indeed, it has not been shown to be relevant to any issue in the case.  The lawfulness of defendants' conduct does not turn on the degree to which it is unpopular. Bal also points out that Schwartz became Co-Chairperson of the MDP's Law Committee in January 2018, long after Bal's submissions of complaints to the MDP on January 25, 2016, June 21, 2016 and May 23, 2017. (Bal Mot. ¶6; Doc 113.)  Bal's resubmissions of the same complaints to Schwartz on April 25, 2018 during the pendency of this action and two weeks after Schwartz filed a Notice of Appearance appear to be an effort by Bal to boot-strap his way to a motion under Rule 3.7 of the Rules.

As the Second Circuit has noted, "Rule 3.7 lends itself to opportunistic abuse." <u>Murray v. Metro. Life Ins. Co.</u>, 583 F.3d 173, 178 (2d Cir. 2009). "The movant, therefore, 'bears the burden of demonstrating specifically how and as to what issues in the case the prejudice may

occur and that the likelihood of prejudice occurring [to the witness-advocate's client] is substantial.'" Id. (quoting Lamborn v. Dittmer, 873 F.2d 522, 531 (2d Cir. 1989)) (alteration in original). This Bal has failed to do in any meaningful way.

The Circuit identified four risks of harm to the integrity of the judicial system implicated by the advocate-witness rule, none of which apply to pretrial proceedings.[1] Rule 3.7 is directed at trials and the interests underlying the rule are not implicated by an attorney participating in motion practice before the court. See Ramey v. Dist. 141, Int'l Ass'n of Machinists & Aerospace Workers, 378 F.3d 269, 282 (2d Cir. 2004) ("The advocate-witness rule applies, first and foremost, where the attorney representing the client before a jury seeks to serve as a fact witness in that very proceeding."). At this juncture, there are pending summary judgment motions by each side and, thus, if either side is to be credited, there may never be a trial of this action. If summary judgment is denied, the case may look very different because of a judicial narrowing of the issues for trial.

Having considered all of Mr. Bal's arguments and affording him special solicitude in view of his pro se status, the motions to disqualify under Rules 1.7, 1.9, 1.18 are DENIED and the motion to disqualify under Rule 3.7 is DENIED without prejudice. The Clerk is directed to terminate the motion. (Doc 113.)

---

[1] "We have identified four risks that Rule 3.7(a) is designed to alleviate : (1) the lawyer might appear to vouch for his own credibility; (2) the lawyer's testimony might place opposing counsel in a difficult position when she has to cross-examine her lawyer-adversary and attempt to impeach his credibility; (3) some may fear that the testifying attorney is distorting the truth as a result of bias in favor of his client; and (4) when an individual assumes the role of advocate and witness both, the line between argument and evidence may be blurred, and the jury confused." Murray, 583 F.3d at 178.

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated: New York, New York
       November 6, 2018