UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------x
JOHN BAL, in the capacity as a Democratic
Candidate for the New York State Assembly,

<table>
<tr><td>Plaintiff,</td><td>16-cv-2416 (PKC)</td></tr>
<tr><td>-against-</td><td>OPINION<br>AND ORDER</td></tr>
</table>

MANHATTAN DEMOCRATIC PARTY, et al.,

Defendants.
----------------------------------------------------------x

CASTEL, U.S.D.J.

The nine-page letter of plaintiff John Bal, filed January 8, 2019 (Doc 136), will be deemed a timely motion for reconsideration of this Court's December 12, 2018 decision granting defendants' motion for summary judgment and denying plaintiff's cross-motion for summary judgment (Doc 131.)  It will also be deemed a motion to vacate the judgment under Rule 60, Fed. R. Civ. P., and a motion to amend under Rule 15, Fed. R. Civ. P.[1]  Defendants filed a response letter urging the Court to decide the motion without any further briefing (Doc 137), and plaintiff has replied, submitting several exhibits (Doc 139.)  For reasons that will be explained, the motion to reconsider, vacate the judgment, or amend the Complaint will be denied.

In his Complaint, Bal asserted claims against the Manhattan Democratic Party, the New York County Democratic Committee ("NYCDC"), Keith Wright, leader of the NYCDC, and Cathleen McCadden, Executive Director of the NYCDC, arguing that defendants violated Bal's Constitutional rights by creating severe and unjustified burdens on his right to campaign for the Democratic Party nomination to fill a vacated Assembly District seat in the New York State

---

[1] Plaintiff Bal, who is proceeding pro se, styled his letter as a "Pre-Motion Letter."  No pre-motion letter is required for a motion to reconsider.  (See Individual Practices ¶3(A)(i)(b).)

Assembly.  (Compl. ¶¶60−67; Doc 2.)  In denying Bal's motion for summary judgment and granting defendants' cross-motion, the Court explained that, while Bal "has adequately alleged that certain of defendants' actions were under color of state law," "[t]he conduct Mr. Bal complains of is not such an extraordinary circumstance" to rise to the level of a Constitutional violation.  Bal v. Manhattan Democratic Party, 16 cv 2416 (PKC), 2018 WL 6528766, at *6 (S.D.N.Y. Dec. 12, 2018).

The standard for granting a motion for reconsideration is "strict," and reconsideration will be denied "unless the moving party can point to controlling decisions or data that the court overlooked."  Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995).  "[A] motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided."  Id.; see In re Beacon Assocs. Litig., 818 F. Supp. 2d 697, 701 (S.D.N.Y. 2011) ("Reconsideration . . . is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." (quotation marks and citation omitted)).  "A party seeking reconsideration is not supposed to treat the court's initial decision as the opening of a dialogue in which that party may then use such a motion to advance new theories or adduce new evidence in response to the court's rulings."  Smith v. City of New York, 1 F. Supp. 3d 114, 123 (S.D.N.Y. 2013) (quotation marks and citation omitted).

In his motion, Bal urges that new evidence to be offered in an amended complaint would alter the Court's conclusion on summary judgment.  (Doc 136 at 3.)  For example, Bal states that after filing this action he received certain "essential documents that were withheld from [Bal] during his entire candidacy but were provided to . . . other candidates competing against [Bal]."  (Id. at 5.)  The Court considered Bal's argument in its Opinion on summary judgment and found the argument unavailing because (1) Bal had not identified a legally cognizable property or liberty

interest and (2) even if he had, no reasonable fact finder could find that Bal's due process rights were violated.  Bal, 2018 WL 6528766, at *7.  Review of the text of the forms would not alter this Court's determination.

Bal makes a new argument related to the weighted voting method used by defendants that he concedes "was not previously raised."  (Doc 136 at 7 & n.14.)  New theories do not provide adequate reasons for a Court to reconsider its decision.  Smith, 1 F. Supp. 3d at 123.

Bal restates several arguments related to voter fraud and failure to train McCadden and Wright that were included in his motion for summary judgment.  (Doc 136 at 8−9; see Pl.'s Mem. at 11; Doc 105; Pl.'s Reply Mem. at 3-4; Doc 125.)  On the present motion, Bal does not offer new evidence related to either theory or suggest the Court failed to consider controlling decisions of law.

Bal claims that he has new evidence showing that defendants refused to enforce his rights to membership in certain Democratic Party clubs that formed an advantaged class of voters. (Doc 136 at 6.)  He has not stated what this evidence is.  He also claims he has evidence related to a "continuing pattern of deliberately depriving Plaintiff of his [C]onstitutional rights" to compete in elections after the party nomination that was the subject of his March 2016 Complaint.  (Id. at 5 (discussing a primary election in September 2016 and a special election in November 2017); Doc 2.)  The Court did not consider either legal argument in its Opinion because Bal raised both for the first time in his motion for summary judgment, and the Court noted that the evidence Bal offered was dated after the filing of the Complaint.  Bal, 2018 WL 6528766, at *2 n.2, *10 n.7; see id. at *2 n.2 ("[F]ailure to assert a claim until the last minute will inevitably prejudice the defendant.").  Legal theories not decided in an opinion and evidence related to those theories are

- 3 -

not "controlling decisions or data that the court overlooked."  Shrader, 70 F.3d at 257.  These arguments are not properly raised in a motion to reconsider.

Bal asks this Court for leave to file an amended complaint pursuant to Rule 15(a)(2), Fed. R. Civ. P.  (Doc 136 at 3.)  "[O]nce judgment is entered the filing of an amended complaint is not permissible until judgment is set aside or vacated pursuant to Fed. R. Civ. P. 59(e) or 60(b)."  Nat'l Petrochem. Co. of Iran v. M/T Stolt Sheaf, 930 F.2d 240, 244 (2d Cir. 1991) (quotation marks and citation omitted).  "Unless there is a valid basis to vacate the previously entered judgment, it would be contradictory to entertain a motion to amend the complaint."  Id. at 245.

The Court is mindful that pro se litigants who bring civil rights actions should be "fairly freely afforded an opportunity to amend" even "after the court has entered judgment." Satchell v. Dilworth, 745 F.2d 781, 785 (2d Cir. 1984) (quotation marks and citation omitted). However, this "indulgence does not foreclose [a district court's] discretion."  Rosendale v. Iuliano, 67 Fed. App'x 10, 14 (2d Cir. 2003).  Bal filed his Complaint in March 2016.  (Doc 2.)  He requested and was granted additional time to move to amend the Complaint or to join additional parties by Magistrate Judge Debra C. Freeman in December 2016. (Doc 50.)  He improperly filed an amended pleading without first seeking leave to amend.  (Doc 52.)  Magistrate Judge Freeman ordered the pleading stricken without prejudice to the filing of a motion to amend.  (Doc 60.)  The case progressed through a motion to dismiss (Doc 26), an extended discovery period (Docs 76, 95), and summary judgment cross-motions (Docs 105, 120.)  Bal never sought leave to amend the Complaint.  Bal "had the benefit of legal advice during portions of" this proceeding.  Rosendale, 67 Fed. App'x at 14.  He was appointed counsel in February 2017 for the limited purpose of taking and defending depositions in this matter. (Doc 53.)  The Court stated in its Opinion on summary

judgment and it remains true today that it is highly prejudicial to defendants at this late stage in the proceedings, now nearly three years after the Complaint was filed, to allow Bal to assert entirely new legal theories and facts. Bal, 2018 WL 6528766, at *2 n.2; see Foman v. Davis, 371 U.S. 178, 182 (1963) (leave to amend may be denied upon a showing of "undue delay" or "undue prejudice to the opposing party"). Further, the Court sees no reason why any legal arguments related to subsequent elections would not fail for the same reasons the claims related to the February 2016 election were dismissed.

Bal's motion to reconsider and/or vacate the judgment or to amend his Complaint is therefore DENIED. The Clerk is directed to terminate the motion (Doc 136) and close the case. This Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and in forma pauperis status is denied. See Coppedge v. United States, 369 U.S. 438, 444−45 (1962).

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated: New York, New York
          April 23, 2019